UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ANTONIO VARGAS,

                Plaintiff,

           - against -

ANGEL ESCOBAR and
ESPERANZA ESCOBAR,

                Defendants.
-------------------------------------------------------X

**MEMORANDUM & ORDER**
Case No. 16-cv-0924 (PKC) (JO)

PAMELA K. CHEN, United States District Judge:

On February 24, 2016 Defendants Angel Escobar and Esperanza Escobar (collectively, "Defendants") filed a notice removing this action from the Supreme Court of the State of New York, Kings County to this Court. (Dkt. 1. (the "Petition" or "Pet.").) For the reasons set forth below, this case is *sua sponte* REMANDED to State court.

*BACKGROUND*

Plaintiff's allegations assert that on January 29, 2013, he was walking down a staircase at Defendants' premises when he slipped on a wet surface. (Dkt. 1-2 ("Complaint" or "Compl.") ¶¶ 7-26.) He further alleges that he sustained injuries, including "pain, shock and mental anguish" as a result of Defendants' negligence. (*Id.* ¶¶ 27, 29.) Plaintiff's Complaint is devoid of any other detailed allegations.

Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction. (Pet. ¶ 7.) The Petition alleges that Defendants both are citizens of Georgia, while Plaintiff is a citizen of New Hampshire. (*Id.* ¶¶ 4-6.) With respect to the amount in controversy, the Petition indicates that Plaintiff seeks damages in an amount that "exceeds $75,000.00." (*Id.* ¶ 8.) Yet the Complaint alleges only that Plaintiff "was damaged in a sum which

exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (Compl. ¶ 30.) Thus far, Plaintiff has not filed a motion for remand, but has indicated that it objects to Defendants' grounds for removal. (Dkt. 5 at 1.)[1]

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to State Court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to

---

[1] All page references correspond to page numbers generated by the Electronic Court Filing ("ECF") system, and not the document's internal pagination.

"construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789, 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045−46 (2d Cir. 1991)).

In this case, Defendants fail to meet their burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied, as they assert only that "the amount in controversy exceeds $75,000.00" (Pet. ¶ 8) without providing any factual allegations to support this amount. And Plaintiff only alleges that he "was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (Compl. ¶ 30.) The Complaint's mention of the "lower courts" is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts. *See Woodley v. Massachusetts Mut.*, 08 CV 0949, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts") (internal citation omitted); *see id.* at *2 n.3 (collecting cases). Furthermore, neither the Complaint nor the Petition contains any further information specifying the nature and extent of Plaintiff's injuries that would permit this Court to draw a reasonable inference that the amount in controversy requirement has been satisfied. Accordingly, the Court finds that Defendants' allegations in the Petition are insufficient to support the exercise of federal subject matter jurisdiction. Therefore, remand to State court is proper. *See id.*

*CONCLUSION*

For the foregoing reasons, this case is REMANDED to New York State Supreme Court, Kings County, under Index No. 500389/2016, for lack of federal subject matter jurisdiction.

SO ORDERED.

*s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 2, 2016
      Brooklyn, New York